UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON ELLIOTT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-2336 (ESH) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Plaintiff Jason Elliott brings this action against the United States seeking judicial review of a denial of disability benefits by the United States Navy under the Servicemembers Group Life Insurance Traumatic Injury Protection Program. *See* 38 U.S.C. § 1980A (TSGLI). Before the Coiurt is the United States' motion for voluntary remand and stay (Mot. for Remand, ECF No. 5), which plaintiff has opposed (Opp'n, ECF No. 8.). Upon consideration of the motion, plaintiff's opposition, defendant's reply, Judge Collyer's recent decision granting a motion to remand in a very similar case, *see White v. United States*, No. 17-cv-0193, slip op. (D.D.C. May 10, 2017) (*see* Def.'s Notice of Supplemental Authority, ECF No. 10), and the equities of the matter, the Court concludes that the motion should be granted.

The standard for ruling on a motion for voluntary remand was set forth in Judge Collyer's recent decision:

> When a plaintiff challenges an administrative agency action, the agency has the inherent power to reconsider its own decision and may move for a voluntary remand. Federal courts have the discretion to grant the agency's motion for remand before considering the merits of the plaintiff's claims. . . . Generally,

> courts have found a voluntary remand appropriate when new evidence becomes available or where intervening events outside the agency's control may affect the agency's decision.
>
> However, a voluntary remand may be appropriate "[e]ven in the absence of new evidence or intervening events . . . where an agency requests a remand (without confessing error) in order to reconsider its previous position, or where the agency believes that its original decision is incorrect on the merits and wishes to change the result.
>
> In such cases, judges in this district have developed a three-pronged approach to determine the suitability of a voluntary remand. Courts consider whether: (1) defendants have identified substantial and legitimate concerns in support of a voluntary remand; (2) voluntary remand would conserve the Court's and the parties' time and resources; and (3) voluntary remand would unduly prejudice the plaintiff. Applying these factors, it is entirely appropriate for courts to grant an agency's voluntary remand even when an agency refuses to admit fault. This is because what really matters when an agency requests a voluntary remand . . . is whether the agency is *genuinely* willing to revisit the challenged determination. Thus, courts should deny a request that is frivolous or in bad faith.

*White*, slip op. at 3-4 (internal citations and quotation omitted).

Here, plaintiff alleges that the denial of his TSGLI claim was arbitrary and capricious because:

> Defendant did not provide justification as to why the greater weight of the evidence did not support Plaintiffs eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not credible; address the caregiver statement of Sgt Walker attesting to his observations and provision of assistance to Plaintiff during his recovery; or provide reasonable or substantial evidence or medical opinion contradicting Plaintiff's claim for TSGLI benefits.

(Compl. ¶ 31). The Court agrees with defendant that "[g]iven these allegations, further explanation by the Council regarding how it reached its decision and how it applied the applicable regulations to Plaintiff's case would assist the Court's review and may potentially result in a different final decision and obviate the need for this litigation." (Mot. at 6.) Defendant represents that on remand it "will reconsider all case records and regulations, along with any other documentation Plaintiff provides" (*id*.) and plaintiff provides no support for the

2

suggestion that defendant is merely seeking a chance to "paper-over" deficiencies in its decision (*see* Opp'n at 6). *See White*, slip op. at 5 (rejecting the same "cursory allegation" where there was "nothing to suggest that the government's motion to remand is frivolous or in bad faith"). Plaintiff's concern that the remand will simply result in delayed judicial review, if the decision remains the same, is understandable. Accordingly, while the Court concludes that a remand is appropriate, it will grant plaintiff's request that it be completed in fewer than 180 days.

Accordingly, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; it is further

**ORDERED** that the above-captioned case be **REMANDED** to the Department of the Navy for further proceedings. Upon remand, the agency will consider the complete records from the Navy TSGLI office pertaining to plaintiff's TSGLI claim and request for relief, along with any other documentation plaintiff may wish to submit in the next 30 days; it is further

**ORDERED** that a final determination shall be made no later than **November 6, 2017**; it is further

**ORDERED** that the proceedings in this case shall remain **STAYED** and the case shall be **ADMINISTRATIVELY CLOSED** until such a time as ordered otherwise; and it is further

**ORDERED** that within **14** days after final action by the agency upon remand, the parties will file with this Court a copy of the agency's decision, along with a joint status report setting forth their respective positions as to whether and how this case should proceed.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 7, 2017